UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER REID,                         ) | |
|                    Petitioner,     ) | |
|                             ) | |
| v.                                                    ) | Case No. 1:13-cv-1172-JMS-DKL |
|                             ) | |
| UNITED STATES OF AMERICA,       ) | |
|                    Respondent.    ) | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Christopher Reid for relief pursuant to 28 U.S.C. § 2255 must be denied and this action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

On August 12, 2011, Reid was charged with Conspiracy to Distribute and Receive Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and Sexual Exploitation of Children, Production of Sexually Explicit Images of a Minor, in violation of 18 U.S.C. § 2251(a). A Petition to Enter a Plea of Guilty and Plea Agreement were filed on August 12, 2011, and a written Plea Agreement was submitted to the Court pursuant to Rule 11(c)(1)(B) of the *Federal Rules of Criminal Procedure*.

In the Plea Agreement, Reid agreed to waive Indictment and plead guilty to Counts 1 and 2 of the Information. Reid acknowledged that "the determination of his sentence is within the discretion of the Court," and agreed that "if the Court decides to impose a sentence higher or lower than any recommendation of either party, then he will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty." Reid also acknowledged that the

Court may "impose consecutive sentences for each of the crimes charged in the Information." Reid agreed that neither party had agreed upon a specific sentence.

In exchange for his plea of guilty, the United Sates Attorney for the Southern District of Indiana agreed not to bring any further criminal charges against Reid directly arising from, and directly related to, his sexual exploitation of minors and distribution and receipt of child pornography as charged in the Information. Reid also received an agreement from the Eastern District of Michigan to decline prosecution against Reid involving the offense of sexual exploitation of children or the possession, receipt, distribution, and/or transportation of child pornography under Chapter 110 of United States Code. Reid did not waive his right to appeal or file a § 2255 motion.

At the change of plea hearing held on March 2, 2012, the Court determined that Reid's plea was entered voluntarily and that a factual basis for the plea was established. The Court therefore accepted Reid's guilty plea and adjudged him guilty. The Court then conducted a sentencing hearing and sentenced Reid to 420 months imprisonment, to be followed by a lifetime of supervised release.

Reid appealed and his attorney, finding no non-frivolous argument on appeal, moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Court of Appeals granted the motion and dismissed the appeal. *United States v. Reid*, 2013 WL 1278158 (March 29, 2013). Reid then filed the present motion for relief pursuant to 28 U.S.C. § 2255.

## II. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner challenges his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255

"upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted).

Reid claims that he is entitled to relief under § 2255 arguing that his attorney was ineffective and that the sentence of a lifetime of supervised release is inappropriate.

A. *Ineffective Assistance*

Reid first asserts that his trial counsel was deficient in advising him with regard to his plea agreement. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id*

With respect to the first prong, "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to

3

"eliminate the distorting effects of hindsight." *Id.* at 523 (quoting *Strickland*, 466 U.S. at 688); *see also Kokoraleis v. Gilmore*, 131 F.3d 692, 696 ((7th Cir. Cir. 1997). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 ((7th Cir. Cir. 2004).

Reid argues that his counsel was ineffective because he did not have a chance to review the PSI before signing the plea agreement, because counsel advised him to reject the initial plea agreement which would have provided a more favorable sentence, and because he failed to conduct a pretrial investigation and was therefore unable to challenge any of the enhancements applied to his sentence.

1. Review of PSI

Reid first argues that he was denied the opportunity to review the PSI before entering into the guilty plea and therefore his guilty plea could not have been voluntary, knowing, or intelligent. A plea is voluntary "when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea." *United States v. Jordan,* 870 F.2d 1310, 1316 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* Reid asserts that he was not able to review the PSI before signing the guilty plea. But he was able to review the PSI before the change of plea hearing and was permitted to review revisions to that report at the change of plea hearing. That is all that is required. Moreover, in reviewing Reid's appeal, the Seventh Circuit pointed out that in accepting Reid's plea, this Court advised him of his rights, warned him of the consequences, ensured that the plea was voluntary,

4

and determined that the factual basis existed. The appellate court concluded that "it would be frivolous for Reid to challenge the voluntariness of his pleas." *Reid*, 2013 WL 1278158 at *1. This Court agrees. Reid has not shown any error in relation to his review of the PSI before the plea hearing.

### 2. Advice regarding previous plea

Reid next argues that his counsel was ineffective for advising him to reject an earlier plea offer that offered a recommended sentence of 30 years imprisonment. He states that he was prejudiced because the sentence he ended up receiving, 420 months, was less favorable than the earlier offer. But Reid has provided no "objective evidence" in support of his claim, other than his own statement that his counsel told him he could "do better" with an open plea.

First, Reid has not shown that his counsel's strategy in advising that he reject the earlier plea was deficient. *See Julian v. Bartley,* 495 F.3d 487, 495 (7th Cir. 2007) (an "attorney need not be 100% correct in her prediction of the consequences of pleading guilty and of going to trial, as a mistake, in and of itself is not proof of deficient performance."); *see also Lafler v. Cooper,* 132 S.Ct. 1376, 1391 (2012) ("an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance."). "Open" pleas, such as the one Reid entered into, are common and will often result in a lower sentence. Reid has provided no details of his attorney's advice other beyond stating he could "do better" with an open plea. He therefore has not shown that it was unreasonable for his counsel to believe that a sentence of less than 30 years was possible.

Reid has also failed to show prejudice from his attorney's advice. To establish prejudice in the pleading context, the petitioner must prove that there is a reasonable probability that he would have pled guilty absent his attorney's allegedly deficient conduct. *See Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (citing *Hill v. Lockhart,* 474 U.S. 52, 59, (1985); *Morales v.*

5

*Boatwright,* 580 F.3d 653, 663 (7th Cir. 2009)). Reid has provided no "objective evidence" that he would have accepted the 30-year plea but for his counsel's advice. In addition, Reid's counsel negotiated a plea agreement that included an agreement from the Eastern District of Michigan to decline prosecuting Reid on additional known offenses. While there is no evidence presented regarding what additional offenses Reid could have been charged with or the potential sentence for these charges, it is possible that this concession in the plea agreement resulted in a more favorable sentence than Reid may have encountered if he also faced prosecution in the Eastern District of Michigan. In describing the plea agreement he alleges his attorney advised him to reject, Reid does not mention a similar concession. Reid has therefore failed to show prejudice because he has not shown that he rejected a necessarily more favorable plea agreement.

In reply, Reid asserts that he did not understand the consequences of an "open" plea and he did not understand the maximum sentence he might face. But Reid testified at the plea hearing that he understood that the sentence imposed would be "up to the Court's discretion," that he reviewed the sentencing factors with his attorney, and that even if the Court gave him the highest possible sentence, he could not back out. (Cr. Dkt. 61, pp. 10, 18)[1]. Further, the Petition and the Plea of Guilty both state the possible maximum sentences of the charges against Reid. (Cr. Dkt. 36, 38). Reid cannot plausibly argue that he was unaware of the consequences when he testified that he did understand, both when he signed the petition and the plea and when he testified at the plea hearing. *Blackledge v. Allison,* 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity"). "Rational conduct requires that voluntary responses made by a defendant under oath before an examining judge be binding." *Bontkowski v. United States,*

---

[1] References to the Reid's criminal case, No. 1:11-cr-147-JMS-KPF-1, are identified as "Cr. Dkt."

850 F.2d 306, 314 (7th Cir. 1988). He therefore has not shown any ineffectiveness on the part of his counsel in advising him to enter into the plea agreement.

### 3. Pretrial investigation

Finally, Reid argues that his counsel conducted no pretrial investigation. But by pleading guilty, Reid is precluded from "raising any question regarding the facts alleged in the indictment." *United States v. Walton*, 36 F.3d 32, 34 (7th Cir. 1994). While counsel has an obligation to reasonable investigate the facts and circumstances surrounding his client's case, *see Bruce v. United States*, 256 F.3d 592, 597-98 (7th Cir. 2001), to establish prejudice from such a failure the defendant must make "a comprehensive showing of what the investigation would have produced." *Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995) (*quoting United States v. Blazano*, 916 F.2d 1273, 1296 (7th Cir. 1990)). Reid has made no such showing here. He has provided no objective evidence that any further investigation by counsel would have produced evidence that would have changed the outcome of the proceedings.

### B. *Sentencing*

Reid also argues that the sentence of a lifetime of supervised release is inappropriate. He asserts that "there is no way to know" what supervision will be necessary when he is in his sixties at the time of his release. But the sentencing guidelines recommend a lifetime term of supervised release. Further, in reviewing Reid's appeal, the Seventh Circuit stated that the "term of supervised release is within the guidelines range and also presumed reasonable." *Reid*, 2013 WL 1278158.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Reid is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his sentence is not inappropriate. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment

consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:11-cr-147-JMS-KPF-1**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Reid has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: __October 27, 2015__

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Reid
45572039
Marion USP
P.O. Box 1000
Marion, IL 62959

All electronically registered counsel